MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANDREW M. McNEELA
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2741
Facsimile: (212) 637-2750

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WANDA PEREZ,

            Plaintiff,

            - v.-

UNITED STATES OF AMERICA; THE U.S.
POSTAL SERVICE; and PROVIDENCIA
GOMEZ,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

07 Civ. 7322 (CM)

ANSWER

ECF

      Defendant, United States of America ("Defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the complaint upon information and belief as follows[1]:

      1.      The allegations in paragraph 1 of the complaint are statements of jurisdiction and conclusions of law, to which no response is required. To the extent a response is required, denies the allegation, except admits that plaintiffs seek to invoke this Court's jurisdiction under the Federal Torts Claim Act.

---

[1] Because the United States is the only proper defendant in an action, such as this one, brought pursuant to the Federal Tort Claims Act, see 28 U.S.C. § 2679(b)(1), it is the only party answering the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 of the complaint. The allegation of the second sentence of paragraph 2 of the complaint is a conclusion of law to which no response is required.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint.

4. Denies the allegations of paragraph 4 of the complaint, except admits that at or about 8:05 a.m. on August 18, 2006, Providencia Gomez was operating a 2002 LHD 2-ton Freightliner postal vehicle ("the postal vehicle") bearing vehicle number 1510348, in the course and scope of her employment with the United States Postal Service ("USPS").

5. Denies the allegations of paragraph 5 of the complaint, except admits that Providencia Gomez was operating the postal vehicle at or near the vicinity of 1310 Cromwell Avenue at or about 8:05 a.m., on August 18, 2006.

6. Denies the allegations of paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8. Denies the allegations of paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Denies the allegations of paragraph 11 of the complaint, except admits that on November 13, 2006, plaintiff presented an administrative claim in the amount of one million

dollars to the USPS in connection with the events described in the complaint, and that the USPS denied plaintiff's claim on September 14, 2007.

12.     The allegations of paragraphs 1 through 3 of the portion of the complaint entitled "Wherefore" constitute plaintiffs' prayer for relief to which no response is required. To the extent a response is required, denies the allegations.

## DEFENSES

### FIRST DEFENSE

The United States is the only proper defendant for claims of negligence brought pursuant to the FTCA, 28 U.S.C. § 2679(b)(1).

### SECOND DEFENSE

Neither the United States nor any of its agents or employees were negligent in any manner nor violated any duty of care.

### THIRD DEFENSE

Defendant was not the cause in fact or the proximate cause of any injury sustained by plaintiff.

### FOURTH DEFENSE

The damages suffered by plaintiff, if any, were due in whole or in part to her negligence and any damages recoverable by her must be extinguished or diminished in proportion to the culpable conduct attributable to plaintiff.

### FIFTH DEFENSE

Plaintiff's recovery in this action, if any, is limited to the amount of the claim that she presented administratively pursuant to 28 U.S.C. § 2675.

## SIXTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to N.Y. Civil Practice Law § 4545(c), and any other applicable New York State law, by those amounts which have been, or will be, with reasonable certainty, reimbursed or indemnified, in whole or in part, from any collateral source.

## SEVENTH DEFENSE

Plaintiff has no right of recovery under New York Insurance Law § 5101, et seq., because she has not sustained economic loss greater than basic economic loss, and she has not sustained a serious injury.

## EIGHTH DEFENSE

The amount of damages, if any, must be diminished pursuant to New York Vehicle Traffic Law § 1229-c, and any other applicable law, to the extent by which the failure of plaintiff to use any available safety belt caused the injuries or damages she allegedly sustained.

## NINTH DEFENSE

Defendant is not liable for interest prior to judgment or for punitive or special damages pursuant to 28 U.S.C. § 2674.

## TENTH DEFENSE

Plaintiff may not recover costs or attorneys' fees in excess of those permitted by 28 U.S.C. §§ 2412 and 2678.

## ELEVENTH DEFENSE

The United States is the only proper defendant for claims of negligence brought pursuant to the FTCA, 28 U.S.C. § 2679(b)(1).

WHEREFORE, Defendant demands judgment dismissing the complaint and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 26, 2007

        MICHAEL J. GARCIA
        United States Attorney for
        the Southern District of New York
        Attorney for Defendant

By:       /s/
     ANDREW M. McNEELA
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel: (212) 637-2741
     Fax: (212) 637-2750

To: Donald Leo, Esq.
    Donald Leo & Associates, P.C.
    625 Middle County Rd.
    Coram, New York 11727